UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 05-23106-CIV-LENARD/TORRES

JOHNNY LAMOTHE,

       Plaintiff,

vs.

BAL HARBOUR 101 CONDOMINIUM
ASSOCIATION, INC.,

       Defendant.
_____/

**ORDER ON DEFENDANT'S MOTION
TO STRIKE WITNESSES FOR DISCOVERY VIOLATIONS**

       This matter is before the Court on Defendant's Motion to Strike Witnesses [D.E. 63] that is based upon Plaintiff's failure to disclose two witnesses in Rule 26 pretrial disclosures prior to the close of discovery.  The Court has reviewed the Motion, Plaintiff's response, Defendant's reply, and the record in the case.  The Motion is Granted in Part and Denied in Part.

       1.    Defendant's pending Motion seeks to strike two witnesses, Angie Lamothe – Plaintiff's wife, and Jeffrey Irvin – Plaintiff's nephew, from the trial witness list based upon the fact neither of these individuals were identified as potential witnesses in Plaintiff's Rule 26 disclosures, which were amended twice without reference to these individuals.  Plaintiff's answer to Defendant's first interrogatory, which requested the identification of all persons known to have knowledge of the facts in the case, also did not identify his wife or nephew.

       2.    Plaintiff concedes that no disclosure or written discovery response ever identified his wife or nephew as witnesses prior to the trial witness list attached to the

Joint Pretrial Stipulation. Plaintiff argues, however, that Defendant was not prejudiced because Plaintiff in his deposition clearly identified his wife and nephew as having knowledge of Plaintiff's emotional damages allegedly related to Plaintiff's employment with Defendant.

3. Striking witnesses or evidence in response to a discovery violation is a drastic remedy that should only be considered after other alternatives are exhausted or unavailable, and clearly only when the moving party has suffered irreparable harm or undue prejudice. *See* Fed. R. Civ. P. 37(c); *e.g., Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.,* 60 F.3d 153, 156 (3d Cir. 1995); *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.,* 190 F.R.D. 644, 648 (N.D. Ca. 2000) (sanction of exclusion of evidence or testimony generally improper if no undue prejudice to the other side).

4. In the Eleventh Circuit, the factors to consider are (1) the importance of the testimony, (2) the reasons for the failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness is allowed to testify. *Cooley v. Great Southern Wood Preserving,* 2006 WL 1163608, *10 (11th Cir. May 18, 2005); *Bearint ex rel. Bearint v. Dorell Juvenile Group, Inc.,* 389 F.3d 1339, 1353 (11th Cir. 2004).

5. In this case, these witnesses' relevance is limited to supporting testimony for Plaintiff's emotional distress claim, as evidenced by the Plaintiff's testimony in his deposition that identified both his wife and nephew as having that knowledge. That is certainly an important issue, but not the central issue in this case. Nevertheless, it is not clear why Plaintiff's counsel did not simply identify these individuals in the pretrial disclosures, especially *after* Plaintiff's deposition was taken and Plaintiff himself identified his wife and nephew as having that knowledge. The only conclusion that can be drawn is that the disclosures omitted the names through neglect.

6. Defendant makes a good argument that Plaintiff's repeated failure to disclose these witnesses in the pretrial disclosures lulled Defendant into believing that Plaintiff did not truly intend to call them as witnesses. In other words, Defendant should be able to rely upon those disclosures in formulating its discovery strategy and trial preparation.

7. The Court, however, can strike witnesses only where irreparable prejudice harm is shown. Had these witnesses never been identified during the course of discovery, exclusion would be the only remedy. The fact is, however, that their potential relevance to the case was identified in discovery in the most important discovery tool available to Defendant – the Plaintiff's deposition. Given the extent of the discussion about the wife's potential knowledge as to Plaintiff's pain and suffering, and Defense counsel's questioning of Plaintiff repeatedly about his wife, it is difficult to find that Defendant suffered irreparable prejudice from the failure to identify her in the pretrial disclosures. Defendant was clearly on notice that the Plaintiff himself believed that his wife had knowledge of these issues, and Defendant could then decide to take her deposition or not. It is also customary in employment practice to depose close family members of a plaintiff with regard to an alleged emotional distress claim. Consequently, no irreparable prejudice can be found under those circumstances.

8. The relevance of the nephew's testimony, however, was not as apparent from the deposition. He was only mentioned once and in passing as having knowledge. Given Plaintiff's failure to identify him in the pretrial disclosures, Defendant's argument for prejudice as it relates to this witness is far stronger.

9. Accordingly, pursuant to Rule 37, a discovery sanction is appropriate with respect to witness Jeffrey Irvin, and his testimony shall be excluded from the trial, except to the extent Mr. Irvin may be called as purely as a rebuttal witness. No sanction shall be entered with respect to Angie Lamothe. However, if Defendant desires to take her

deposition prior to trial, Defendant shall have the right to demand that Plaintiff produce Mrs. Lamothe at a time and place convenient to Defendant's counsel.  The Court notes that it may very well be possible for Defendant to take her deposition without undue prejudice to Defendant because current trial conflicts may require that the trial be continued for a later date.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Strike Witnesses is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 13th day of March, 2007.

_____
EDWIN G. TORRES
United States Magistrate Judge